NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000069
09-MAY-2017
07:56 AM**

NO. CAAP-17-0000069

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

RESORTS TRAVEL LLC, Petitioner-Appellant, v.
OFFICE OF CONSUMER PROTECTION, DEPARTMENT OF COMMERCE AND
CONSUMER AFFAIRS, Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 16-1-0193)

ORDER
(1) DISMISSING APPELLATE COURT CASE NUMBER
CAAP-17-0000069 FOR LACK OF APPELLATE JURISDICTION
AND
(2) DISMISSING AS MOOT ALL PENDING MOTIONS
IN APPELLATE COURT CASE NUMBER CAAP-17-0000069
(By: Leonard, Presiding Judge, Reifurth and Ginoza, JJ.)

Upon review of the record, it appears that we lack
appellate jurisdiction over Petitioner-Appellant Resorts Travel
LLC's (**Resorts Travel's**) appeal from an August 8, 2016
interlocutory "Order Denying [Resorts Travel, LLC's] Petition to
Quash or Modify Subpoena Duces Tecum" (hereinafter "the August 8,
2016 interlocutory order") in circuit court S.P. No. 16-1-0193,
because the order is not eligible for appellate review in the
absence of a separate, final judgment pursuant to Hawaii Revised
Statutes (**HRS**) § 641-1(a) (Repl. 2016), Rules 58 and 81(b)(9) of
the Hawaiʻi Rules of Civil Procedure (**HRCP**), and the holding in
Jenkins v. Cades Schutte Fleming & Wright, 76 Hawaiʻi 115, 119,
869 P.2d 1334, 1338 (1994).

HRS § 641-1(a) authorizes appeals to this court from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of court." HRS § 641-1(c) (Repl. 2016). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 81(b)(9) provides that the Hawai'i Rules of Civil Procedure apply to a circuit court special proceeding such as this for the purpose of resolving a dispute over the enforceability of an administrative subpoena duces tecum. Based on HRCP Rule 58, the Supreme Court of Hawai'i held in circuit court civil cases that "[a]n appeal may be taken from circuit court orders resolving claims against parties only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338. "Thus, based on Jenkins and HRCP Rule 58, an order is not appealable, even if it resolves all claims against the parties, until it has been reduced to a separate judgment." Carlisle v. One (1) Boat, 119 Hawai'i 245, 254, 195 P.3d 1177, 1186 (2008); Bailey v. DuVauchelle, 135 Hawai'i 482, 489, 353 P.3d 1024, 1031 (2015).

When interpreting the requirements for an appealable, final judgment under HRS § 641-1(a) and HRCP Rule 58, the Supreme Court of Hawai'i has explained:

> If we do not require a judgment that resolves *on its face* all of the issues in the case, the burden of searching the often voluminous circuit court record to verify assertions of jurisdiction is cast upon this court. Neither the parties nor counsel have a right to cast upon this court the burden of searching a voluminous record for evidence of finality, . . . and we should not make such searches necessary by allowing the parties the option of waiving the requirements of HRCP [Rule] 58.

-2-

Jenkins, 76 Hawai'i at 119, 869 P.2d at 1338 (citation omitted; original emphasis). Consequently, "an order disposing of a circuit court case is appealable when the order is reduced to a separate judgment." Alford v. City and Count of Honolulu, 109 Hawai'i 14, 20, 122 P.3d 809, 815 (2005) (citation omitted; emphasis added). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Jenkins 76 Hawai'i at 120, 869 P.2d at 1339 (footnote omitted).

On April 1, 2017, the circuit-court clerk filed the record on appeal, which does not contain a separate, appealable, final judgment for circuit court S.P. No. 16-1-0193. Absent an appealable, final judgment, we lack appellate jurisdiction to review the August 8, 2016 interlocutory order.

Therefore, IT IS HEREBY ORDERED that appellate court case number CAAP-17-0000069 is dismissed for lack of appellate jurisdiction.

IT IS FURTHER HEREBY ORDERED that all pending motions in appellate court case number CAAP-17-0000069 are dismissed as moot.

DATED: Honolulu, Hawai'i, May 9, 2017.

Presiding Judge

Associate Judge

Associated Judge

-3-